798 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Sharron HEENEY, Debtor,
Jim CARNEY, Plaintiff-Appellant,
v.
Michael MASON, Defendant-Appellee.
 No. 85-1406.
 United States Court of Appeals,
Sixth Circuit.
 July 18, 1986.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and PORTER, District Judge*
 PER CURIAM.
 
 
 1
 Appellant Jim Carney (Carney) appealed from an order of the District Court affirming the Bankruptcy Court's decision to set aside a conveyance to Carney from debtor Sharron Heeney (Heeney) pursuant to 11 U.S.C. Sec. 548.
 
 
 2
 Prior to March 23, 1984, Carney loaned Heeney $16,000. Heeney promised to repay the loan from the proceeds of her divorce settlement. As part of her divorce settlement, Heeney received an interest in a land contract for the purchase of property located in Plainfield, Michigan. On March 23, 1984, H eeney conveyed her interest in the Michigan property to Carney. At the same time, Carney paid Heeney $5,000. Heeney filed her petition in bankruptcy on May 1, 1984, and was subsequently adjudicated a debtor. Appellee Michael Mason (Mason) was appointed Trustee of Heeney's estate.
 
 
 3
 On July 27, 1984, Mason filed a complaint in the bankruptcy court seeking to set aside the transfer as a fraudulent transfer under section 548 of the bankruptcy code, 11 U.S.C. ??? 548. Thereafter, Mason filed an amended complaint alleging that the transfer was a preferential transfer under section 547 of the bankruptcy code, 11 U.S.C. Sec. 547.
 
 
 4
 Prior to the commencement of the trial before the bankruptcy court, Carney and Mason stipulated (1) that prior to the transaction at issue, Heeney owed Carney $16,000; (2) that the conveyance took place less than 90 days prior to the initiation of bankruptcy proceedings; and (3) that the purchase price for the interest in the land was $21,000, consisting of $16,000 for forgiveness of the previous loan and $5,000 in cash.
 
 
 5
 At trial, Heeney and Carney directly contradicted the stipulation regarding the purchase price for Heeney's interest in the land contract. Heeney testified that she sold Carney her.interest in the property for $5,000 and that "[i]t had nothing to do with that $16,000." Carney also testified that he paid $5,000 for the interest in the land and that he did not consider extinguishment of the previous debt to constitute a part of the sale. The evidence adduced at trial also disclosed that Carney had been offered $26,000 for his interest in the property at issue.
 
 
 6
 The bankruptcy court concluded that the transfer was voidable as a fraudulent transfer under 11 U.S.C. Sec. 548. Thereafter, Carney appealed the bankruptcy court's decision to the United States District Court for the Eastern District of Michigan. The district court affirmed the decision of the bankruptcy court and this appeal followed.
 
 
 7
 Upon consideration of the briefs and after oral argument, the judgment of the district court is AFFIRMED for the reasons set forth in the district court's opinion.
 
 
 
 *
 Hon. David S. Porter, Senior District Judge, United States District Court for the Southern District of Ohio, sitting by designation